# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RODERICK HACKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV883 |
| | ) | |
| PACCAR INC. and PACCAR, INC. | ) | |
| d/b/a PETERBILT MOTORS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned Magistrate Judge for review of Plaintiff's Stipulation (Docket Entry 19) and Defendants' Letter Response (Docket Entry 20), which raise the issue of this Court's subject matter jurisdiction. (See Docket Entry dated Jan. 8, 2025 (referring said filings to undersigned Magistrate Judge).) Because the record does not establish the existence of subject matter jurisdiction in this Court, as of the date of removal of this action from state court (see Docket Entry 1 (Notice of Removal)), the Court should remand this action, see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### INTRODUCTION

Plaintiff commenced this action against Defendants in North Carolina state court. (See Docket Entry 4 (Complaint).) The Complaint (A) asserts claims (arising from a single-vehicle crash)

against Defendants for negligent design/manufacture, failure to warn, and breach of implied warranties (see id. at 2-8), and (B) requests "actual damages in . . . an amount in excess of $25,000.00" (id. at 8), "punitive damages" (id.), as well as "interest, costs, and attorney fees as provided by law" (id. at 9). Defendants removed this action to this Court "pursuant to 28 U.S.C. §§ 1332, 1441, and 1446" (Docket Entry 1 at 1), alleging specifically that "(a) there is diversity of citizenship between Plaintiff and Defendant[s[1]] and (b) the amount in controversy exceeds $75,000" (id. at 3). After Defendants filed a Motion to Dismiss (Docket Entry 7), Plaintiff filed an Amended Complaint (Docket Entry 14), with the same relief demands as the Complaint (see id. at 12). Defendants then filed a Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 15), to which Plaintiff did not timely respond (see Docket Entry 18 (Letter from Clerk); see also Docket Entry 21 at 1 ("request[ing] from the Court a finding of excusable neglect . . . for the failure to timely submit a [r]esponse in [o]pposition to Defendant[s'] Motion to Dismiss [Plaintiff's Amended Complaint]")).

---

[1] According to the Notice of Removal, "Defendant PACCAR [Inc.] has been and is a Delaware corporation with its principal place of business in the State of Washington" (Docket Entry 1 at 4) and the other Defendant named in the Complaint "is an unincorporated division of [Defendant] PACCAR [Inc.]" (id.), such that "the only proper defendant is [Defendant] PACCAR [Inc.]" (id.). This Recommendation will refer to Defendants collectively, including by altering all quotations from the parties' filings accordingly.

Subsequently, Plaintiff filed the Stipulation, via which "Plaintiff stipulates that he is not seeking, does not assert, will not seek, and will not accept damages that exceed $75,000, including attorneys' fees, but exclusive of interest and costs." (Docket Entry 19 at 1.) Defendants thereafter filed their Letter Response, "submit[ting] that [the S]tipulation does not deprive this Court of jurisdiction" (Docket Entry 20 at 2).

<u>DISCUSSION</u>

"Pursuant to 28 U.S.C. § 1441(a), a defendant may remove 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" <u>Decker v. USAA Cas. Ins. Co.</u>, 683 F. Supp. 3d 488, 490 (M.D.N.C. 2023) (Schroeder, C.J.) (quoting 28 U.S.C. § 1441(a)). As documented in the Introduction, "[h]ere, [Defendants] removed th[is] action by asserting the [C]ourt's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Id.</u> "Diversity jurisdiction requires a showing that the matter in controversy is between citizens of different states and exceeds the sum of $75,000." <u>Id.</u> (citing 28 U.S.C. § 1332(a)). "The party seeking removal bears the burden of proving [diversity] jurisdiction by a preponderance of the evidence." <u>Id.</u> at 491 (citing <u>Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.</u>, 822 F.3d 739, 748 (4th Cir. 2016)); <u>see also, e.g.</u>, <u>Bowman v. White</u>, 388 F.2d 756, 760 (4th Cir. 1968) ("The burden is on the party asserting the jurisdiction of the

3

court to show that jurisdiction does, in fact, exist."). Hence, "[D]efendant[s], as the part[ies] asserting federal jurisdiction, [must] prove by a preponderance of the evidence that the amount in controversy has been satisfied." Allen v. Dance, No. 3:09CV192, 2009 WL 2855716, at *2 (W.D.N.C. Sept. 1, 2009) (unpublished); accord, e.g., Hamilton v. Arcan Cap., LLC, No. 1:18CV356, 2019 WL 1322535, at *4 (M.D.N.C. Mar. 22, 2019) (unpublished) (Biggs, J.); Pruett v. HCR Manorcare Med. Servs. of Fla., LLC, No. 5:13CV3790, 2013 WL 2389493, at *3 (S.D. W. Va. May 30, 2013) (unpublished); Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (Osteen, Sr., J.).

Importantly, "[s]ubject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the [C]ourt." Id. (italics omitted); see also, e.g., Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (emphasizing federal courts' "independent obligation to determine whether subject-matter jurisdiction exists"); Allen, 2009 WL 2855716, at *1 ("The requirements for federal jurisdiction are absolute; the parties may not waive a jurisdictional defect, and . . . the [c]ourt, upon noticing a potential defect, 'must

4

raise the matter on its own.'" (quoting <u>Wisconsin Dep't of Corr. v.</u> <u>Schacht</u>, 524 U.S. 381, 389 (1998))). "[B]ecause the lack of subject matter jurisdiction may be noticed by th[is C]ourt sua sponte . . ., the [C]ourt may enter a remand order sua sponte." <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008) (italics omitted); <u>see also</u> <u>Doe #1 v. Blair</u>, 819 F.3d 64, 66-67 (4th Cir. 2016) ("[A] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time and such an order is not reviewable." (internal citations and italics omitted) (citing 28 U.S.C. § 1447(c) & (d))).

For purposes of assessing whether a removing defendant has established diversity jurisdiction (or conversely whether the Court must remand a case for lack of such jurisdiction), "[t]he amount in controversy is typically determined by 'the status of the case as [disclosed] by the plaintiff's complaint.'" <u>Lawson</u>, 286 F. Supp. 2d at 641 (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 291 (1938)); <u>accord, e.g.,</u> <u>Blettner v. Masick</u>, No. 1:15CV474, 2015 WL 7575924, at *1 (M.D.N.C. Nov. 25, 2015) (unpublished) (Schroeder, J.); <u>see also</u> <u>Francis v. Allstate Ins.</u> <u>Co.</u>, 709 F.3d 362, 367 (4th Cir. 2013) ("If diversity of citizenship . . . provides the grounds for removal, then 'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.'" (internal ellipsis omitted) (quoting 28 U.S.C. § 1446(c)(2))). However, under North Carolina

law, for cases filed in Superior Court, "[i]n all negligence actions, and in all claims for punitive damages in any civil action, . . . the pleading shall <u>not</u> state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of twenty-five thousand dollars ($25,000)." N.C. Gen. Stat. § 1A-1, Rule 8(a)(2) (emphasis added); <u>see also</u> <u>Gwyn v. Wal-Mart Stores, Inc.</u>, 955 F. Supp. 44, 45-46 (M.D.N.C. 1997) (Bullock, C.J.) ("In North Carolina, however, a plaintiff is forbidden in some cases to claim a specific amount greater than [the Superior Court threshold] in damages.").

In this action (as the Introduction documents), "Plaintiff claim[ed] negligence and punitive damages under North Carolina law, and [the C]omplaint['s demand] for an unspecified amount of damages [thus wa]s appropriate." <u>Kirklen v. Buffalo Wild Wing Int'l, Inc.</u>, No. 3:18CV468, 2019 WL 1649984, at *1 n.1 (W.D.N.C. Apr. 17, 2019) (unpublished).[2]   Moreover, "[b]ecause pleading rules . . .

---

[2] "Even if the [North Carolina pleading] rule [wa]s so construed [to have permitted Plaintiff to plead specific damages for some of his claims], the burden is now on Defendant[s] to establish the amount in controversy by a preponderance of the evidence." <u>Lawson</u>, 286 F. Supp. 2d at 642 n.1. "Defendant[s] cannot shift the burden of proof on this issue by finding fault with Plaintiff's form of pleading." <u>Id.</u>   Nor does Plaintiff's assertion of three claims make the amount in controversy more than $75,000 (i.e., more than $25,000 for each claim), because, "[u]nder North Carolina law, a plaintiff may not recover on more than one theory for the same course of conduct," <u>Blettner</u>, 2015 WL 7575924, at *2 (internal ellipsis and quotation marks omitted), and "[the C]omplaint merely articulates three different theories of recovery for the same tortious conduct," <u>id.</u> (See Docket Entry 4 at 2-8.)

6

prohibit[ed P]laintiff[] from initially pleading an exact [damages]
amount . . ., a determination of the amount in controversy from the
face of the [C]omplaint is not possible." Lawson, 286 F. Supp. 2d
at 641; accord, e.g., Allen, 2009 WL 2855716, at *2. "The question
for this [C]ourt [then becomes how to] determin[e] the amount in
controversy for jurisdictional purposes [given that] it is not
apparent from the [face of the C]omplaint." Gwyn, 955 F. Supp. at
46. In answer to that question, a long line of decisions from
judges of this Court "have determined the amount [in] controversy
by considering all evidence bearing on the issue." Lawson, 286
F. Supp. 2d at 641 (citing Dash v. FirstPlus Home Loan Owner Tr.
1996-2, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003) (Beaty, J.), and
Gwyn, 955 F. Supp. at 46); see also, e.g., Decker, 683 F. Supp. 3d
at 493 ("When a plaintiff's complaint does not specify damages, a
court may consider 'any evidence of the amount in controversy.'"
(quoting Lunsford v. Cemex, Inc., 733 F. Supp. 2d 652, 658
(M.D.N.C. 2010) (Schroeder, J.))).

      "The rationale for considering evidence besides the Complaint
of the amount in controversy is that jurisdiction is not
determinate until the amount is made clear." Doughton v. Ray, No.
1:02CV864, 2002 WL 31812918, at *2 (M.D.N.C. Dec. 13, 2002)
(unpublished) (Osteen, Sr., J.); see also Gwyn, 955 F. Supp. at 46
("If the complaint does not specify the money damages sought,
jurisdiction remains indeterminate while the court considers any

other information."). In other words, because "the [C]omplaint
does not specify the amount of money damages sought, the [C]ourt
must look to other evidence to determine if [ D]efendant[s] can
satisfy the preponderance of the evidence standard for federal
jurisdiction." Doughton, 2002 WL 31812918, at *2. "That is,
[Defendants] '"must provide enough facts to allow [the C]ourt to
determine – not speculate – that it is more likely than not" that
the case belongs in federal court.'" Decker, 683 F. Supp. 3d at
491 (quoting Cannon v. AutoMoney, Inc., No. 1:19CV877, 2020 WL
3105183, at *3 (M.D.N.C. May 12, 2020) (unpublished) (Peake, M.J.),
recommendation adopted, 2020 WL 3104352 (M.D.N.C. June 11, 2020)
(unpublished) (Eagles, J.), in turn quoting Scott v. Cricket
Commc'ns, LLC, 865 F.3d 189, 197 (4th Cir. 2017)); see also Cargo
Logistics Servs., Corp. v. Xtra Lease, LLC, No. 3:12CV832, 2013 WL
1798344, at *2 (W.D.N.C. Apr. 29, 2013) (unpublished) ("[T]he
defendant must produce some competent proof that the amount [in]
controversy requirement is satisfied."); Gwyn, 955 F. Supp. at 46
(concluding that the removing defendant failed to meet its
"evidentiary burden" where its proffer of amount in controversy
"[wa]s based on speculation, not fact").

　　　"Such evidence [as to the amount in controversy] can include
post-removal stipulations by the plaintiff regarding the amount in
controversy." Decker, 683 F. Supp. 3d at 493. As then-Chief Judge
Schroeder recently explained:

> [A] plaintiff cannot deprive the district court of
> jurisdiction by reducing his claim via post-removal
> stipulation. However, when a court faces 'indeterminate
> claims,' it may 'consider a stipulation filed by the
> plaintiff that the amount in controversy is below the
> threshold [diversity jurisdiction] amount.' Under such
> circumstances, a post-removal stipulation is not an
> attempt to divest a federal court of jurisdiction, but
> rather an effort to clarify whether federal jurisdiction
> existed when the action was removed.

Id. (internal brackets and citations omitted) (citing St. Paul
Mercury, 303 U.S. at 292, and then quoting Gwyn, 955 F. Supp. at
46); see also, e.g., Kellar v. 1st Cap. Fin. of S.C., No.
1:20CV402, 2021 WL 7185503, at *2 (M.D.N.C. Mar. 30, 2021)
(unpublished) (Tilley, S.J.) ("[W]here 'uncertainty still remains
about the amount in controversy after [an] examination of the
complaint,' the court may consider a 'post-removal stipulation of
damages' to resolve the uncertainty." (quoting Burdick v. Teal, No.
1:02CV727, 2003 WL 1937118, at *2 (M.D.N.C. Apr. 22, 2003)
(unpublished) (Osteen, Sr., J.))); Cargo Logistics, 2013 WL
1798344, at *3 ("When faced with an unspecified claim for damages,
several courts have held that a post-removal stipulation by the
plaintiff that the claim does not exceed the minimum federal
jurisdiction amount is appropriate for consideration." (citing
Griffin v. Holmes, 843 F. Supp. 81, 88 (E.D.N.C. 1993))); Lawson,
286 F. Supp. 2d at 642 ("[S]tipulation has been used in certain
cases where the amount in controversy is 'indeterminate.'" (citing
Gwyn, 955 F. Supp. at 46, and Griffin, 843 F. Supp. at 88));
Doughton, 2002 WL 31812918, at *2 ("When faced with an unspecified

9

claim of damages, several courts, including this one, have held that a post-removal stipulation by the plaintiff that the claim does not exceed the minimum federal jurisdictional amount is appropriate for the court's consideration." (citing Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), Gwyn, 955 F. Supp. at 46, and Griffin, 843 F. Supp. at 88)).

The record in this case contains just such a stipulation, i.e., "Plaintiff stipulate[d] that he is not seeking, does not assert, will not seek, and will not accept damages that exceed $75,000, including attorneys' fees, but exclusive of interest and costs." (Docket Entry 19 at 1 (emphasis added).) "Because the [C]ourt cannot determine the amount in controversy from the face of the [C]omplaint, the [C]ourt [should] consider Plaintiff['s] stipulation that the value of [his] claim[s] does not exceed $75,000 . . . ." Doughton, 2002 WL 31812918, at *2; see also Lawson, 286 F. Supp. 2d at 642 ("Considering that the amount in controversy is indeterminate from the face of the complaint, the court will acknowledge [the p]laintiff's stipulation."); Gwyn, 955 F. Supp. at 47 ("Because the court cannot determine the amount in controversy from the face of the complaint, it will consider [the p]laintiff's stipulation that the value of the claim does not exceed [the diversity threshold]."). Indeed, Judge Tilley has

10

deemed definitive diction of the sort used in Plaintiff's
Stipulation, i.e., "affirmative language that [he] will not <u>accept</u>
over $75,000," <u>Kellar</u>, 2021 WL 7185503, at *2 (emphasis in
original), "sufficient to defeat federal jurisdiction," <u>id.</u>

Defendants have urged the Court to conclude otherwise by
arguing (in the Letter Response) as follows:

> [T]he amount in controversy is established at the time
> the case is removed to federal court. And 'post-removal
> limits or waivers on damages cannot defeat jurisdiction.'
> Here, Plaintiff had ample opportunities (both in the
> prior lawsuit and in this one) to clarify the amount in
> controversy by responding to Defendant[s'] multiple
> requests or to timely seek remand. Only after being
> confronted with the prospect of dismissal did Plaintiff
> seek to limit the amount of damages to under $75,000.
> This transparent attempt to avoid a ruling on the pending
> [M]otion to [D]ismiss [Plaintiff's Amended Complaint]
> should not be permitted.

(Docket Entry 20 at 2 (internal citations omitted) (citing <u>Griffin</u>,
843 F. Supp. at 87, and then quoting <u>Brown v. Brown</u>, No. 3:23CV230,
2023 WL 6367669, at *5 (W.D.N.C. Sept. 29, 2023) (unpublished));
<u>see also id.</u> at 1 ("Prior to removal (on October 9, 2024), counsel
for Defendant[s] sent a letter to Plaintiff's counsel requesting
that Plaintiff stipulate to never recovering damages in excess of
$75,000. Plaintiff did not agree, and Defendant removed the case
and filed [the M]otion to [D]ismiss . . . . Plaintiff did not move
to remand. Instead, Plaintiff filed [the] Amended Complaint . . .
and Defendant [] filed [the M]otion to [D]ismiss [Plaintiff's
Amended Complaint]." (internal citation omitted) (citing Docket
Entry 1 at 6)), 1 n.1 ("not[ing (A)] that a lawsuit arising out of

the same alleged incident was originally commenced by Plaintiff against [Defendants] on August 22, 2022 and timely removed to this Court (Case No. 1:22-cv-00809)," and (B) that, "[p]rior to removing that case, [Defendants] also served a letter requesting that Plaintiff stipulate to never recovering damages in excess of $75,000, but Plaintiff would not agree to do so then either").)[3]

Those arguments against the Court's consideration of the Stipulation fall short for several reasons. For starters, the two decisions Defendants cited/quoted, Griffin and Brown, do not support their position; to the contrary, those two decisions reinforce the propriety of reliance on the Stipulation. The former decision does recognize the general rule that courts faced with diversity-based removals should assess the amount in controversy at "the time of removal," Griffin, 843 F. Supp. at 87 (internal quotation marks omitted), as well as the "corollary of th[at] rule[, i.e.,] that the plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by [Section] 1332(a)," id. (emphasis added). Griffin, however, goes on to discuss North Carolina's limitation on a plaintiff's ability to

---

[3] The prior, related case referenced by Defendants ended when Plaintiff "voluntarily dismissed[ it] without prejudice," Notice of Voluntary Dismissal, Hackworth v. PACCAR Inc., No. 1:22CV809, Docket Entry 24 at 1 (M.D.N.C. July 21, 2023), "[p]ursuant to [Rule] 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure," id.

delineate in a complaint "the amount of compensatory and punitive damages sought," id., and, upon review of pertinent authority, including Saint Paul Mercury and Asociacion Nacional de Pescadores, see id. at 87-88,[4] "agree[s] with the decisions characterizing a post-removal amount-in-controversy stipulation [in that context] as a clarification permitted by Saint Paul [Mercury], not an amendment forbidden by Saint Paul [Mercury]," id. at 88 (emphasis added). "Applying th[at] principle . . ., the [Griffin C]ourt [] accept[ed] the plaintiff's stipulation that the total amount of compensatory and punitive damages sought by his complaint [wa]s less than [the diversity threshold]." Id. (emphasis added). "Accordingly, the [Griffin C]ourt f[ound] that it lack[ed] subject matter jurisdiction; the parties [we]re completely diverse, but the amount in controversy [wa]s insufficient." Id. (emphasis added).

The other decision cited by Defendants similarly acknowledges that, due to North Carolina's restrictions on "pleading an exact amount of claimed damages, . . . a determination of the amount in controversy may not be possible from the face of the complaint." Brown, 2023 WL 6367669, at *4. It thereafter draws the same line

---

[4] In particular, Griffin quotes this language from the Fifth Circuit: "'Although . . . a plaintiff may not defeat removal by subsequently changing his damage request, in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts as of the time the case [wa]s removed . . . .'" Griffin, 843 F. Supp. at 88 (internal ellipsis omitted) (emphasis in original) (quoting Asociacion Nacional de Pescadores, 988 F.2d at 565).

as <u>Griffin</u> (and previously discussed decisions from judges of this Court, e.g., <u>Decker</u>, <u>Kellar</u>, <u>Lawson</u>, <u>Doughton</u>, and <u>Gwyn</u>): a plaintiff may <u>not</u> "decreas[e] the amount in controversy after a complaint . . . has been removed <u>when the amount in controversy is plainly stated in the complaint</u>," <u>id.</u> at *5 (emphasis added) (internal quotation marks omitted), but, "where the initial complaint <u>does not specify an amount in controversy</u>, a post-removal stipulation limiting damages <u>may be considered as a clarification</u> of an ambiguous complaint," <u>id.</u> (emphasis added).[5]

Any delay by Plaintiff in stipulating that the damages (plus any recoverable attorneys' fees) demanded in this action do not exceed $75,000 likewise lacks sufficient evidentiary force to warrant a finding that Defendants have met their burden of establishing, by a preponderance of the evidence, the amount-in-controversy requirement, particularly given the record material showing (A) that, as far back as December 11, 2024, Plaintiff

_____

[5] The complaint in <u>Brown</u> sought "damages in an amount . . . _greater than_ $25,000 and treble damages," <u>Brown</u>, 2023 WL 6367669, at *5 (internal brackets and quotation marks omitted) (emphasis in original), such that "the amount in controversy exceed[ed] $75,000 on the basis of [the] complaint," <u>id.</u> As a result, "[t]hough [a] stipulation [about damages could] be considered to clarify an ambiguous complaint, it [wa]s not necessary [t]here," <u>id.</u>, because "the <u>plain reading</u> of the [c]omplaint ma[de] clear the amount in controversy requirement [wa]s met," <u>id.</u> (emphasis added). In this case, by contrast, neither the Complaint nor the Amended Complaint makes any such demand for treble damages. (<u>See</u> Docket Entry 4 at 8-9; Docket Entry 14 at 12.) That material distinction means that the <u>Brown</u> Court's ruling refraining from remanding that case does <u>not</u> provide a basis for this Court to follow that course here.

"consent[ed] to stipulating an amount in controversy not to exceed $74,999.99" (Docket Entry 21-3 at 1) and (B) that, "[d]espite [his c]ounsel's best efforts, [they] were unable to obtain [his] consent until [that date], as he [wa]s an active member of the United States Army" (Docket Entry 21 at 1 (citing Docket Entry 21-2 at 1)).[6] Defendants' focus on Plaintiff's failure to file a motion to remand also misses the mark, as inaction by Plaintiff cannot fill a jurisdictional void, see, e.g., Brickwood Contractors, 369 F.3d at 390 ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties."), and "questions of subject-matter jurisdiction . . . may (or, more precisely, must) be raised sua sponte by the Court," id. (emphasis added) (italics omitted).[7]

   With the arguments in the Letter Response thus dispatched, only Defendants' contentions regarding diversity jurisdiction in the Notice of Removal remain for the Court's consideration.  See

_____

    [6] Notably, neither the Notice of Removal nor the Letter Response offer (or even refer to) any evidence of any affirmative "refusal [by Plaintiff] to stipulate that h[is] damages fall below the jurisdictional threshold," Blettner, 2015 WL 7575924, at *1. (See Docket Entry 1 at 1-8; Docket Entry 20 at 1-2.)  In addition, those filings do not contend that Defendants ever took advantage of the option under North Carolina law, to "request of [Plaintiff] a written statement of the monetary relief sought," N.C. Gen. Stat. § 1A-1, Rule 8(a)(2), which would have compelled him to, "within 30 days after such service, provide such statement," id.  (See Docket Entry 1 at 1-8; Docket Entry 20 at 1-2.)

    [7] Furthermore, the record reflects that, on December 11, 2024, Plaintiff asked Defendants to "consent to a [m]otion to [r]emand." (Docket Entry 21-3 at 1.)

15

generally _Asociacion Nacional de Pescadores_, 988 F.2d at 565 ("[I]t has frequently been held that when faced with a complaint for unspecified damages a court may look to the removal notice or petition in deciding whether the requisite amount is in controversy . . . ."). The Notice of Removal, in fact, does assert that "the amount in controversy has been met in this case" (Docket Entry 1 at 7), but the Court should conclude that said "allegation of jurisdiction in this case carries little weight," _Asociacion Nacional de Pescadores_, 988 F.2d at 566.

As an initial matter, "[r]emoval petitions or other submissions by the defendant are more likely to be persuasive in cases where the crucial facts supporting jurisdiction are known to the defendant, especially suits for injunctive or declaratory relief." _Id._; _see also_ _Auto Money N. LLC v. Walters_, 737 F. Supp. 3d 330, 342 (D.S.C. 2024) (quoting _Francis_, 709 F.3d at 367, for proposition that, "'[i]n actions seeking declaratory or injunctive relief, . . . the amount in controversy is measured by the value of the object of the litigation,'" which includes "the cost to the defendant"). Here, Plaintiff has not requested declaratory or injunctive relief. (_See_ Docket Entry 4 at 8-9; Docket Entry 14 at 12.) The Notice of Removal's proffer as to the amount in controversy therefore does not rest on "crucial facts . . . known to [D]efendant[s]," _Asociacion Nacional de Pescadores_, 988 F.2d at 566, about costs it would incur from "injunctive or declaratory

16

relief," id. Rather, the Notice of Removal points to the absence (at the point of its filing) of a stipulation by Plaintiff "to never recover damages in excess of $75,000" (Docket Entry 1 at 6), along with one reported decision "involving the[ same] causes of action and similar injuries [which] ha[d an] amount[] in controversy exceeding $75,000" (id. (citing Sexton by and through Sexton v. Bell Helmets, Inc., 926 F.2d 331 (4th Cir. 1991))) and three "jury verdicts [for more than $75,000 in cases with] similar claims" (id. at 6 n.2 (citing two verdicts rendered in North Carolina Superior Courts and one verdict rendered in this Court)).

Plaintiff (as documented above) now has stipulated that he will not accept an amount of damages and recoverable attorneys' fees greater than $75,000, thereby leaving Defendants' damages proffer dependent entirely on the four comparison cases listed in the Notice of Removal. When gauging the amount in controversy, "[t]he possible damages recoverable may be shown by the amounts awarded in other similar cases." Green v. Metal Sales Mfg. Corp., 394 F. Supp. 2d 864, 867 (S.D. W. Va. 2005); accord, e.g., Kirklen, 2019 WL 1649984, at *2. The decision tendered by Defendants for that purpose concerned a "jury verdict in favor of [the plaintiff] in the amount of $1,551,381," Sexton, 926 F.2d at 332 – arising from a motorcycle crash in which the plaintiff "sustained a closed-head injury and brain damage causing quadriparesis," id.; see also Smith v. Colvin, 208 F. Supp. 3d 931, 935 (N.D. Ind. 2016)

17

(describing "quadriparesis" as "muscle weakness affecting all four limbs") – based on claims, inter alia, of "negligence[] and breach of warranty, alleging that the helmet [manufactured by the defendant and worn by the plaintiff] was defectively designed and that the warning given on the helmet was inadequate," id. The Notice of Removal describes the other cited verdicts as "$1.3 million to [a] plaintiff who brought negligent manufacturing claims pertaining to a vehicle's cruise control after sustaining a left leg amputation, fractured vertebra, and a fractured pelvis" (Docket Entry 1 at 6 n.2), "$159,750 to [a] plaintiff who brought claims for a defective product . . . [the failure of which caused him to] sustain[] a skull fracture" (id.), and "$218,000 to [a] plaintiff who brought claims for negligent manufacturing and failure to warn when [the] plaintiff sustained spinal injuries" (id.). Although similarities exist between the causes of action asserted in those cases and in this case, "Defendant[s] ha[ve] not, however, provided any evidence to suggest that the injuries in the instant case are similar to those in the cases cited," Cargo Logistics, 2013 WL 1798344, at *2 (emphasis added); see also Kirklen, 2019 WL 1649984, at *2 (deeming the defendant's damages argument "speculative" for failing to "explain how [the] cited cases [we]re factually similar to the case at hand"). (See Docket Entry 1 at 6 & n.2.)[8]

_____

[8] The Complaint does allege that Plaintiff suffered "a serious head injury" (Docket Entry 4 at 4), as well as "facial and spinal
(continued...)

"Because these cases have not been shown to be factually similar to the case at bar, the Court cannot say based upon these verdicts alone that it is more likely than not that the amount in controversy in the present case is greater than the jurisdictional limit." Allen, 2009 WL 2855716, at *4; see also Kirklen, 2019 WL 1649984, at *2 ("[The d]efendant has provided only conjecture as to why the amount in controversy exceeds $75,000. This speculation is insufficient to overcome [the d]efendant's burden of proof."). Put another way, "Defendant[s ] have neither rebutted Plaintiff['s Stipulation] nor produced any evidence to show that Plaintiff['s ] claim exceeds $75,000." Doughton, 2002 WL 31812918, at *2. "Should there remain any doubt as to whether the amount in controversy requirement has been met, the [C]ourt must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Decker, 683 F. Supp. 3d at 493 (internal quotation marks omitted); see also Mulcahey v. Columbia Organic Chems. Co, Inc., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal

---

[8](...continued)
fractures" (id.) "and multiple lacerations and contusions to his hip . . . and [his] extremities" (id.), but does not allege brain damage, quadriparesis, amputation of a limb, pelvis fracture, or skull fracture (see id.). Moreover, the record establishes that Plaintiff's injuries have not prevented him from engaging in physically and mentally demanding employment as an active duty soldier. (See Docket Entry 21-2 at 1.)

19

jurisdiction is doubtful, a remand is necessary." (internal citation omitted)); Pruett, 2013 WL 2389493, at *3 ("Removal by its nature infringes upon state sovereignty. Therefore, the [c]ourt must 'resolve all doubts about the propriety of removal in favor of retained state [court] jurisdiction.'" (quoting Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999))).

"Considering the evidence before it, and mindful of the fact that . . . [the C]ourt[ should] remand where federal jurisdiction is doubtful, the Court [should] conclude[] that Defendant[s] ha[ve] failed to demonstrate by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000." Pippins v. AutoMoney, Inc., No. 1:20CV65, 2020 WL 1692366, at *4 (M.D.N.C. Apr. 7, 2020) (unpublished) (Biggs, J.) (internal citation omitted). As a result, "it appears that th[is C]ourt lacks subject matter jurisdiction, [and thus the Court should order that] the case shall be remanded." 28 U.S.C. § 1447(c).[9]

---

[9] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "However, 'absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" Decker, 683 F. Supp. 3d at 493-94 (internal brackets omitted) (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)). Given the (above-discussed) significance of Plaintiff's post-removal stipulation to the determination of the existence of subject matter jurisdiction, the Court should not find that Defendants "lacked an objectively reasonable basis for . . . [seeking] removal," id. at 494; see also, e.g., Gwyn, 955 F. Supp. at 47 (declining to "award costs or attorney's fees" where "there [wa]s no evidence that removal was done in bad faith or without a reasonable basis").

<u>CONCLUSION</u>

The record does not establish that, as of the date of removal, subject matter jurisdiction existed in this Court.

**IT IS THEREFORE RECOMMENDED** that this action be remanded to the North Carolina General Court of Justice, Superior Court Division, Durham, North Carolina, pursuant to 28 U.S.C. § 1447(c).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 28, 2025